UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:20-CR-00283-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MARK L HANDY (01)** | **MAGISTRATE JUDGE HANNA** |

### MEMORANDUM RULING

Before the court is a Motion to Vacate [doc. 61] filed under 28 U.S.C. § 2255 by defendant Mark L. Handy. Defendant seeks relief from his sentence under the *New York State Rifle & Pistol Association v. Bruen*, 142 S.Ct. 2111 (2022). The government opposes the motion and defendant has filed a reply in support of his request. Docs. 66, 68.

### I.
#### BACKGROUND

Defendant was charged in this court with two counts of possession of a firearm by a prohibited person, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), by indictment filed on December 9, 2020. Doc. 1. He pled guilty to both charges on March 10, 2022. Doc. 40. The factual basis for his guilty plea provides that defendant, having been convicted and sentenced for two felony counts of possession of cocaine in 2003 and one count of same in 2007, was found in possession of firearms during traffic stops that occurred on November 14, 2019, and April 15, 2020.[1] Doc. 42, att. 2. On July 14, 2022, defendant was sentenced

---

[1] Defendant fled on foot during the first traffic stop after officers told him they would search the vehicle. During the search officers recovered "suspected controlled substances, a .22 Savage rifle in the back seat of the vehicle, and a 9mm Smith & Wesson pistol . . . between the driver and passenger seat[s]." Doc. 42, att. 2, p. 2. He was arrested

by the undersigned to 90 months of imprisonment, with credit for time served since September 21, 2021, to run concurrent with any sentence imposed on state charges relating to these offenses. Doc. 53.

On July 25, 2023, defendant filed the instant Motion to Vacate [doc. 61] under 28 U.S.C. § 2255. He bases this challenge on *New York State Rifle & Pistol Association v. Bruen*, 142 S.Ct. 2111 (2022), wherein the Supreme Court ruled that New York's "proper cause" standard for handgun licenses violated the Second and Fourteenth Amendments. Accordingly, defendant maintains that the Supreme Court has announced a new rule of law calling into question the validity of restrictions on the right of felons to possess firearms. The government opposes the motion, arguing that (1) defendant is procedurally defaulted from raising challenges based on *Bruen* and, alternatively, (2) convictions under § 922(g)(1) remain valid even after *Bruen*. Doc. 66.

## II.
### LAW & APPLICATION

"Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). A federal prisoner has limited grounds for collateral review under 28 U.S.C. § 2255, generally based on errors of constitutional magnitude that could not have been raised on appeal. *See* 28 U.S.C. § 2255(a); *United*

---

during the second traffic stop, which involved defendant as sole occupant as the same vehicle involved in the first stop. *Id.* In the second stop officers recovered "one (1) KH .22 assault-style rifle with numerous high capacity magazines (behind the driver's seat), a Bushmaster AR 15 .556 assault style rifle (in the trunk) with numerous magazines, one Glock 9mm semi-automatic pistol (under the driver's seat) with an extended magazine, over 100 rounds of ammunition, and suspected controlled substances." *Id.*

*States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Challenges under § 2255 remain subject to a one-year statute of limitation, however, running from the latest of:

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The government agrees that *Bruen* is cognizable for the purposes of an initial motion for post-conviction relief under § 2255 and retroactively applicable on collateral review. It maintains, however, that defendant is procedurally defaulted from raising this challenge in a § 2255 motion because he cannot show cause and prejudice or actual innocence. The court finds no basis to address the procedural default, however, because nothing in *Bruen* appears to call into question the constitutionality of § 922(g)(1). *Bruen* involved a New York licensing regime under which an applicant for a public carry handgun license must demonstrate a special need for self-defense. The Court rejected that standard, expanding on *D.C. v. Heller* to hold that the Second Amendment protected an individual's right to possess a gun outside the home as well as inside it. 142 S.Ct. at 2122–23. But both the

Supreme Court and the Fifth Circuit have affirmed the constitutionality of § 922(g)(1)'s prohibition on a felon's possession of firearms under *Heller*.[2] The expansion of Second Amendment protections to public carry rights for law-abiding citizens therefore provides no basis for revisiting § 922(g)(1), which forbids felons from possessing a firearm with no restriction as to place. *Accord Shipley v. Hijar*, 2023 WL 353994 (W.D. Tex. Jan. 20, 2023); *see United States v. Coleman*, 2023 WL 5925544 (5th Cir. 2023) (denying a certificate of appealability on a *Bruen* § 2255 motion following a § 922(g) conviction). Accordingly, defendant cannot meet his burden of showing that *Bruen* undermines the constitutionality of his conviction.

## III.
### CONCLUSION

For the reasons stated above, the court hereby **ORDERS** that the Motion to Vacate [doc. 61] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 13th day of October, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[2] *See United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003) (holding that § 922(g)(1) "does not violate the Second Amendment"); *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (noting historical limits on the rights secured by the Second Amendment, and emphasizing that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) (reaffirming constitutionality of § 922(g)(1) in light of *Heller*).