# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:20-CR-00283-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MARK L HANDY (01)** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM ORDER

Before the court is a Motion for Clarification [doc. 70] filed by defendant Mark L. Handy. On July 19, 2022, Mr. Handy was sentenced in this court to a 90-month term of imprisonment, with credit for time served since September 21, 2021. Doc. 54. The court further ordered that this sentence run concurrent to any sentence imposed on pending state charges related to the offense. *Id.* Mr. Handy now requests that the court clarify his sentence because the BOP is only crediting him with time served since December 29, 2022. *See* doc. 70, att. 1 (FSA time credit assessment).

The authority for administering a sentence already imposed rests with the Attorney General through the BOP. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). Thus the BOP, rather than the district court, has the authority to award credit for time accrued in state custody against a federal sentence. *Id.* at 333. When a federal sentence is imposed before a state sentence, the BOP may indirectly award credit for the time the defendant served in state custody by designating *nunc pro tunc* the state prison as the place in which the defendant serves a portion of his federal sentence. *Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th Cir. 2003).

To secure this credit, an inmate must go through the BOP's administrative process. As part of this process the BOP solicits input from the district court and prosecutor before forming its opinion. *United States v. Thadison*, 2024 WL 3707557 (S.D. Miss. Aug. 7, 2024). A district court may then review a challenge to the BOP's refusal to grant credit for time served through a § 2241 petition, after the BOP has made a final decision on same. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). A petition under 28 U.S.C. § 2241 must be filed in the district where the petitioner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001).

Mr. Handy is currently incarcerated at FCI Yazoo City in Mississippi. While he styles his motion as a request for clarification of his sentence, there is currently no request from the BOP before the court. Additionally, the court's judgment already reflects that the sentences should run concurrently. The undersigned cannot determine from the attachments how all of Mr. Handy's time is being credited, but it is for this reason that he must first exhaust his remedies with the BOP. To the extent that he is appealing the BOP's determination, this court lacks jurisdiction to review the matter. Accordingly, **IT IS ORDERED** that the Motion for Clarification [doc. 70] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 23rd day of October, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**