UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  6:20-CR-00283-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MARK L HANDY (01)** | **MAGISTRATE JUDGE HANNA** |

**MEMORANDUM ORDER**

Before the court is a Motion to Reduce Sentence [doc. 77] filed by defendant Mark L. Handy. Mr. Handy was charged with two counts of possession of a firearm by a prohibited person and pled guilty to the first count.[1] Docs. 1, 40. On July 19, 2022, he was sentenced in this court to a 90-month term of imprisonment, with credit for time served since September 21, 2021. Doc. 54.  On July 25, 2023, he filed a Motion to Vacate under 28 U.S.C. § 2255, based on the Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). Doc. 61. The undersigned rejected that challenge, finding that nothing in *Bruen* called into question his conviction under 18 U.S.C. § 922(g)(1). Doc. 69.

Mr. Handy now brings a "Motion to Reduce Sentence," complaining that he could not get in touch with his trial counsel, again challenging the constitutionality of his conviction, and errors in his Pre-Sentence Report ("PSR"). Doc. 77. The government

---

[1] The second count was dismissed by the government at sentencing. Doc. 54. The charges arose from two traffic stops conducted in November 2019 and April 2020. Doc. 42, att. 2. On both occasions, Mr. Handy fled on foot after officers informed him they would search the vehicle and officers thereafter recovered numerous firearms inside his vehicle. *Id.* Mr. Handy stipulated that he had been convicted of felony drug possession charges in 2003 and 2007. *Id.*

opposes the motion, noting that none of Mr. Handy's arguments meets the limited grounds for modifying a term of imprisonment under 18 U.S.C. § 3582(c).[2] Doc. 80.

The court agrees, and further finds that nothing in Mr. Handy's motion suggests that he is seeking relief under that statute. Instead, his arguments appear suited to a post-conviction challenge under 28 U.S.C. § 2255 as they relate to the constitutionality of his conviction. But a district court lacks jurisdiction over a subsequent § 2255 motion unless it is first authorized by the United States Court of Appeals. *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it "1) raises a claim challenging the [movant]'s conviction or sentence that was or could have been raised in an earlier [motion to vacate] or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). To the extent he challenges the assistance rendered by his trial counsel[3], issues with his PSR, or raises further arguments regarding the constitutionality of his conviction under *Bruen*, Mr. Handy could have included all of these grounds in his first § 2255 motion. Accordingly, the motion is successive insofar as Mr. Handy seeks to raise constitutional claims for post-conviction relief.

---

[2] That statute provides, in relevant part, that the court may only modify a term of imprisonment (1) upon motion of the director of the Bureau of Prisons, or of the defendant after exhausting his administrative remedies, based on "extraordinary and compelling reasons" or the defendant's advanced age; (2) where permitted by statute or Federal Rule of Criminal Procedure 35; or (3) due to a subsequent modification of the Sentencing Guidelines on which his sentence was based. 18 U.S.C. § 3582(c). To the extent defendant would argue the first basis, he fails to show exhaustion of administrative remedies (much less that advanced age or "extraordinary and compelling reasons" warrant a reduction). As for the other two bases, there is also nothing in defendant's motion to show their applicability.

[3] Mr. Handy appears to complain of trial counsel's failure to assist in the filing of his appeal, a deadline that passed before he filed his first § 2255 motion.

When faced with a successive § 2255 motion, the district court may in its discretion either transfer the matter to the appropriate court of appeals or dismiss it for lack of jurisdiction. *In re Hartzog*, 444 F. App'x 63, 64–65 (5th Cir. 2011). Because it is not even clear that Mr. Handy intends to seek relief under § 2255, the court hereby **DENIES** the motion [doc. 77] without prejudice to his right to bring a proper request showing grounds to pursue a successive motion for post-conviction relief.

**THUS DONE AND SIGNED** in Chambers on the 17th day of April, 2025.

*/s/ James D. Cain, Jr.*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**